IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIDIO JOSE PENA ROJAS,

      Petitioner,

v.                                              No. 1:26-cv-424-KG-GJF

MARY DE ANDA YBARRA, et al.,

      Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Elidio Pena Rojas' Motion to Enforce Judgment, Doc. 9, the Government's Status Report, Doc. 12, and Petitioner's Reply, Doc. 13. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 8, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a transcript of the bond hearing, the Court denies the motion to enforce.

## I.    *Background*

Petitioner, a 36-year-old Venezuelan citizen, entered the United States in 2024. Doc. 2 at 3. On December 12, 2025, Immigration and Customs Enforcement ("ICE") arrested him in Amarillo, Texas. *Id.* at 3. Petitioner remains detained at the Torrance County Processing Facility in New Mexico. Doc. 2 at 1. Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 2, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 8 at 2, 5. The Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 30, 2026.  *See* Doc. 9-1. During the hearing, the IJ explicitly stated that this Court is "flipping the burden of proof" so "the burden of proof is on the government to justify [Petitioner's] continued detention by clear and convincing evidence."  *Id.* at 3.  The Government argued that Petitioner was a "flight risk" and "does not have strong ties to the community" since he has only been "here in the United States since 2004."  *Id.* at 10.  The IJ found that the Government "has justified their response to continued detention by clear and convincing evidence."  *Id.* at 4.  Petitioner moves to enforce the Court's prior order, arguing that the IJ "effectively [ignored] the legal standards set forth in this Court's writ."  Doc. 9 at 2.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 8 at 5.  Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework.  To the contrary, the IJ explicitly referred to this Court's order, acknowledged that DHS bore the burden of justifying detention, and the Government made individualized arguments for Petitioner's continued detention.  *See* Doc. 9-1 at 3.  This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once those procedures are followed.  A review of the bond determination is for the BIA.

***III.    Conclusion***

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 9, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.